UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATALDO DORIA, *et al.*, | No. 1:23-cv-02980 |
| Plaintiffs, | |
| v. | OPINION |
| AMERICAN INTERNATIONAL GROUP, *et al.*, | |
| Defendants. | |

**APPEARANCES**:

Peter A. Greiner
Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C.
309 Fellowship Road
Suite 200
Mt. Laurel, NJ 08054

    *On behalf of Plaintiffs.*

Kenneth J. Cesta
Carlton Fields, P.A.
180 Park Avenue
Suite 106
Florham Park, NJ 07932

    *On behalf of Defendant National Union Fire Insurance Company of Pittsburgh.*

Fredric Leigh Shenkman
Cooper Levenson, P.A.
1125 Atlantic Avenue
3rd Floor
Atlantic City, NJ 08401

    *On behalf of Defendant US Inspect Group, Inc.*

**O'HEARN, District Judge.**

This matter comes before the Court on Motions to Dismiss Plaintiffs Cataldo and Natalie Doria's ("Plaintiffs") Amended Complaint, (ECF No. 18), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant National Union Fire Insurance Company of Pittsburgh ("National Union") and Defendant US Inspect Group, Inc. ("USIG") (collectively "Defendants"). (ECF No. 32; ECF No. 40). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendants' Motions are **GRANTED**.

## I.      BACKGROUND

On March 23, 2020, Plaintiffs filed a suit captioned *Cataldo Doria, et al. v US Inspect Group, Inc., et al.*, Case No. BUR L 000706-20, in the Superior Court of New Jersey, Burlington County Law Division (the "Underlying Action"). (Ex. A, ECF No. 1-1 at 21). The Underlying Action sought damages sustained from an allegedly negligent home inspection that was conducted by USIG, US Inspect, Inc., and/or US Inspect, LLC (the "US Inspect Entities") on March 25, 2016. *Id.*

In connection with the Underlying Action, Plaintiffs discovered that Defendant National Union issued a professional liability policy to certain US Inspect Entities. (Am. Compl., ECF No. 18 at ¶ 5). Specifically, National Union issued Specialty Risk Protector Policy No. 05-381-15-80 to US Inspect, LLC for the policy period from January 1, 2018 to January 1, 2019 (the "2018 Policy"). (ECF No. 32-3 at 6). National Union later issued Specialty Risk Protector Policy No. 03-983-80-00 to Defendant USIG for the policy period from January 9, 2020 to June 15, 2020[1] (the "2020 Policy" and collectively with the 2018 Policy, the "Policies"). (ECF No. 32-4 at 6).

---

[1] While the 2020 Policy was originally written for the period of January 9, 2020 to January 9, 2021, it was amended to end on June 15, 2020 via Endorsement No. 32. (ECF No. 32-4 at 154).

On September 2, 2020, Plaintiffs sent Defendant National Union a letter, requesting that National Union defend and/or indemnify its insureds, the US Inspect Entities. (Am. Compl., ECF No. 18 at ¶¶ 5–6). Defendant National Union replied on September 24, 2020 denying coverage under the 2018 Policy based on the fact that the Coverage Section limits coverage to claims "first made against an Insured during the Policy Period . . . and reported to the Insurer pursuant to the terms" of the 2018 Policy. (ECF No. 18-1 at 8). Defendant National Union explained that because the Underlying Action was filed on March 23, 2020, the claim was not "first made" during the January 1, 2018 to January 1, 2019 policy period and therefore did not fall within the coverage grant. *Id.* Defendant National Union also evaluated coverage under the 2020 Policy, which it incorrectly stated was issued to US Inspect, LLC, rather than Defendant USIG. *Id.* at 3. Nevertheless, Defendant National Union similarly denied coverage under the 2020 Policy, explaining that the Policy was cancelled on June 15, 2020, and the Underlying Action was not reported until September 2, 2020; therefore, the Underlying Action did not fall within the coverage grant of the 2020 Policy.[2] *Id.*

Shortly after Defendant National Union's coverage denial, default was entered against US Inspect, LLC and US Inspect, Inc. in the Underlying Action on November 18, 2020, and the court entered a Final Judgment by Default on June 2, 2022. (Ex. A, ECF No. 1-1 at 21–22). Plaintiffs then instituted this action, seeking a declaratory judgment regarding Defendant National Union's obligations under the Policies. (Ex. 1, ECF No. 1-1).

---

[2] Defendant National Union has now asserted that coverage is additionally precluded under the 2020 Policy because (1) the Policy excludes coverage for wrongful acts that occurred before January 9, 2019, meaning the home inspection on March 25, 2016 would be excluded; and (2) the Policy contains a Specific Entity Exclusion Endorsement that excludes claims made against US Inspect, LLC. (ECF No. 32-1 at 16-19).

## II. PROCEDURAL HISTORY

Plaintiffs initially filed suit against Defendant National Union on March 20, 2023 in the Superior Court of New Jersey, Burlington County, seeking a declaratory judgment regarding Defendant National Union's obligations under the Policies issued to the US Inspect Entities. (Ex. 1, ECF No. 1-1 at 7). Defendant National Union removed the matter to this Court on May 31, 2023. (ECF No. 1). Plaintiffs then amended their Complaint on October 2, 2023, naming Defendant USIG as a party and adding additional claims for common law fraud and civil conspiracy, as well as successor liability as it pertains to Defendant USIG. (ECF No. 18).[3]

Now before the Court are Motions to Dismiss Plaintiffs' Amended Complaint filed by Defendant National Union and Defendant USIG on February 5, 2024 and February 26, 2024, respectively. (ECF No. 32; ECF No. 40). Plaintiffs responded in opposition, (ECF No. 41; ECF No. 48), and Defendants replied in further support. (ECF No. 42; ECF No. 46).

## III. JURISDICTION

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiffs are both citizens of the State of New Jersey. (Am. Compl., ECF No. 18 at ¶ 21–22). Defendant National Union is a Pennsylvania corporation with its principal place of business in New York, New York, and Defendant USIG is a Delaware corporation with its principal place of business in Virginia. *Id.* at ¶¶ 24, 26. Additionally, Plaintiffs seek insurance coverage to satisfy a judgment entered against the US Inspect Entities for an amount in excess of $250,000.00. *Id.* at ¶ 108. Accordingly, jurisdiction

---

[3] Plaintiffs' Amended Complaint also named American International Group ("AIG") as a defendant. However, Plaintiffs voluntarily dismissed AIG on October 26, 2023. (ECF No. 21).

over the subject matter of this action is conferred by 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

To state a claim, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, alterations, and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (citation omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than "the-defendant-unlawfully-harmed-me accusation[s]," are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5

alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). If any other matters outside the pleadings are presented and the court does not exclude them, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

### B. Federal Rule of Civil Procedure 9(b)

A complaint alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind" may be alleged generally. *Torsiello v. Strobeck*, 955 F. Supp. 2d 300, 306–07 (D.N.J. 2013) (citing FED. R. CIV. P. 9(b)). This heightened pleading standard requires that plaintiffs "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Id.* (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). "[T]o satisfy this heightened standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.*

### V. DISCUSSION

Defendant National Union moves for dismissal of Counts I and II of Plaintiffs' Amended Complaint, (ECF No. 18), under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs cannot state a claim because there is no coverage under the Policies, and reformation is unwarranted because there is no violation of public policy. (ECF No. 32-1 at 19–20). Defendant

6

National Union, joined by Defendant USIG, further argues that Counts III (Common Law Fraud) and IV (Civil Conspiracy) should be dismissed because Plaintiffs have not met the heightened pleading standard under Federal Rule of Civil Procedure 9(b). (ECF No. 32-1 at 21–23; ECF No. 38 at 9–14). Finally, Defendant USIG argues that Count V (Successor Liability) must be dismissed because there is no underlying damage or liability. (ECF No. 38 at 14–15).

For the reasons that follow, the Court agrees that (1) Plaintiffs cannot state a claim for coverage under the Policies as written and reformation is unwarranted; (2) Plaintiffs do not sufficiently allege common law fraud or civil conspiracy with the degree of particularity required by Rule 9(b); and (3) without an underlying claim, Plaintiffs' claim for successor liability necessarily fails. Accordingly, the Court grants Defendants' Motions. Counts I (Declaratory Judgment) and II (Direct Action Pursuant to N.J. Stat. Ann. 17:28-2) are dismissed with prejudice since amendment would be futile. Counts III-V are dismissed without prejudice.

### A. Counts I and II (Declaratory Judgment and Direct Action Pursuant to N.J. Stat. Ann. 17:28-2)

Plaintiffs seek a declaratory judgment that the Policies are void as written against public policy. (Am. Compl., ECF No. 18 at ¶ 94). Specifically, Plaintiffs argue that because the Home Inspection Licensing Act ("HILA") requires home inspectors to maintain an error and omissions policy, and the statute of limitations under HILA is four years, the notice provisions under the Policies that limit coverage to claims made and reported during the policy period are void and must be reformed. *Id.* at ¶¶ 95–101. Significantly, Plaintiffs do not dispute that there is no coverage under the Policies as written. Rather, Plaintiffs' only argument is that the Policies are void as a

matter of law based on public policy.[4] (Pl. Opp. to National Union, ECF No. 41 at 19–24). Plaintiffs' claim fails because (1) the New Jersey Supreme Court already rejected a similar argument to revise a claims-made policy based on public policy concerns of loss to third-parties in *Zuckerman v. National Union Fire Insurance Company*, 495 A.2d 395 (N.J. 1985); and (2) the HILA provision that Plaintiffs rely on dictates the minimum amount of coverage that a home inspector must obtain—it does not obligate nor place a duty upon *insurers* to provide certain minimum coverage.

In *Zuckerman*, the New Jersey Supreme Court upheld the enforcement of a claims-made professional liability policy, holding that it did not offend public policy. 495 A.2d at 404. While the plaintiff in *Zuckerman* was the policyholder himself, rather than an injured third-party, the court explicitly addressed such a scenario, explaining that while a third-party could sustain a financial loss under a claims-made policy when "the insured is insolvent and the insurer is not put on notice before the policy expires," this risk is nevertheless "better vindicated by legislation or regulation designed to assure uninterrupted malpractice insurance coverage for professionals rather than by the invalidation of 'claims made' policies." *Id.* at 404–05. This is precisely the scenario here, and the Court therefore declines to rewrite the Policies based on public policy.

Additionally, while Plaintiffs rely on *Potenzone v. Annin Flag Co.*, 922 A.2d 745 (N.J. 2007) and *Alvarez v. Norwood*, No. A-3678-10T1, 2012 WL 1414116 (N.J. Super. App. Div. Apr.

---

[4] While "[t]he general rule with respect to the reformation of contracts applies equally to insurance policies" and therefore, relief may be granted for "mutual mistake or where a mistake on the part of one party is accompanied by fraud or other unconscionable conduct of the other party," Plaintiffs do not allege that the Policies were the result of a mistake. *N.J. Transit Corp. v. Certain Underwriters at Lloyd's London*, 221 A.3d 1180, 1194 (N.J. Super. Ct. App. Div. 2019) (quoting *Heake v. Atl. Cas. Ins.*, 105 A.2d 526, 529 (N.J. 1954)). Therefore, the Court's analysis is confined to whether the Policies violate public policy.

25, 2012), the Court finds that these cases are easily distinguishable. Specifically, the statute at issue in those cases placed a portion of the onus on the insurers. *See* N.J. Stat. Ann. § 39:6B-1(d) (requiring insurance companies to increase policy limits to meet the statutory minimum). Here, in contrast, HILA is silent regarding the obligations of insurers and merely states that a "home inspector . . . shall secure, maintain and file with the board proof of a certificate of an error and omissions policy . . . ." N.J. Rev. Stat. § 45:8-76. Because the statute does not require insurance companies to provide insurance coverage for a minimum period of time, the Policies do not violate the language of the statute and are not violative of public policy. *See Huggins v. Aquilar*, 248 A.3d 1213, 1223 (N.J. 2021) (explaining that in determining if an insurance policy should be reformed, courts must consider "whether case law provided sufficient notice to an insurer that its policy provision was unlawful"). Accordingly, Count I is dismissed. Moreover, because there is otherwise no dispute as to coverage under the Policies, it is unnecessary to reach the issue of whether Plaintiffs have standing under New Jersey's Direct Action Statute, N.J. Stat. Ann. 17:28-2. Because the Court finds that amendment would be futile, Counts I and II are dismissed with prejudice.

### B. Count III (Common Law Fraud)

The Court turns next to Defendants' argument that Plaintiffs' fraud claim fails because they have not met the heightened pleading standard under Rule 9(b) and do not identify a specific representation made by Defendants for the purpose of defrauding Plaintiffs or reasonable reliance on the same. (ECF No. 32-1 at 21–23; ECF No. 38 at 9–11). The Court agrees that Plaintiffs have failed to present sufficient factual allegations to withstand dismissal of their claim under either a fraudulent misrepresentation or concealment theory.

To state a claim for fraudulent misrepresentation, Plaintiffs must allege: "(1) a material

misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Torsiello*, 955 F. Supp. 2d at 316 (quoting *Joe Hand Promotions, Inc. v. Mills*, 567 F. Supp. 2d 719, 727 (D.N.J. 2008)). Additionally, under Rule 9(b), a complaint that alleges fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Pleading fraud with particularity can be accomplished by pleading "essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citation omitted). *See also Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 WL 1867035, at *13 (D.N.J. May 2, 2013) (requiring plaintiffs to allege "the date, time and place" of the fraud or "'otherwise inject precision or some measure of substantiation' into the allegation[s].") (citation omitted).

Plaintiffs allege that Defendants "utilized the transfer of US Inspect, LLC's assets [to Defendant USIG] to obfuscate members of the home-buying public's ability to obtain meaningful relief for negligent home inspections that US Inspect, LLC performed between 1995 to 2019." (Am. Compl., ECF No. 18 at ¶ 117). The Court finds that Plaintiffs' common law fraud claims are not alleged with sufficient specificity to comport with Rule 9(b)'s heightened pleading standard. Plaintiffs reference "agreements" between the Defendants and generically refer to a "fraudulent scheme." *Id.* at ¶¶ 112, 119. They make no further factual assertions to support their fraudulent misrepresentation claim. Such vague and conclusory allegations are insufficient as they do not identify the contents of a specific misrepresentation, nor do they identify who made such a statement or when. *See Stone v. Prudential Fin., Inc.*, No. 21-14610, 2021 WL 5413989, at *2 (D.N.J. Nov. 19, 2021) (dismissing common law fraud claim because the plaintiff did "not identify

who those representatives were, what precisely he was told, [or] what was materially misleading or false about those statements"). Therefore, the Court finds that Plaintiffs' common law fraud claim under a fraudulent misrepresentation theory must be dismissed.

Plaintiffs' fraudulent concealment theory is similarly flawed. To state a claim for fraudulent concealment, a plaintiff must allege that the defendant had "(1) a legal duty to disclose (2) a material fact (3) that plaintiff could not discover without defendant disclosing it; (4) that defendant intentionally failed to disclose that fact; and (5) that plaintiff was harmed by relying on the non-disclosure." *Polhill v. FedEx Ground Package Sys.*, 604 F. App'x. 104, 107 n.2 (3d Cir. 2015) (citing *Rosenblit v. Zimmerman*, 766 A.2d 749, 757 (N.J. 2001)). "[A] party has no duty to disclose information to another party in a business transaction unless a fiduciary relationship exists between them, unless the transaction itself is fiduciary in nature, or unless one party 'expressly reposes a trust and confidence in the other.'" *N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 725 A.2d 1133, 1139 (N.J. Super. App. Div. 1998) (citation omitted). *See also Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993) ("[C]ourts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.'") (citation omitted). Additionally, like fraudulent misrepresentation, Rule 9(b)'s heightened pleading standard applies to such claims. *Polhill*, 604 F. App'x. at 107–08.

The allegations in the Amended Complaint do not present facts that support a common law duty to disclose, either due to a fiduciary relationship between the parties, or due to the Plaintiffs placing their trust and confidence in the Defendants. Rather, Plaintiffs generally allege that all Defendants are liable for fraudulent concealment because the US Inspect Entities "had an ongoing duty to its customers to notify them if they would not abide by the statutorily-mandated insurance requirements[.]" (Pl. Opp. to National Union, ECF No. 41 at 29). This allegation does not provide

11

factual information adequate to demonstrate that Defendants' relationship with the Plaintiffs gave rise to a duty to disclose, nor does it include the requisite level of particularity. *Simner v. LG Elecs. USA, Inc.*, No. 21-13322, 2023 WL 3173698, at *6 (D.N.J. May 1, 2023) (dismissing claim for fraudulent concealment where plaintiff did not provide enough information to demonstrate that the parties' relationship was such that would give rise to a duty to disclose). Consequently, the allegations pertaining to Plaintiffs' claim of common law fraud are conclusory and insufficiently plead and therefore are dismissed without prejudice.

### C. Count IV (Civil Conspiracy)

Plaintiffs contend that Defendants engaged in a civil conspiracy to deprive customers of US Inspect, LLC of their ability to recover insurance proceeds in the event of the negligence of US Inspect, LLC in performing a home inspection. (Am. Compl., ECF No. 18 at ¶ 126; Pl. Opp. to National Union, ECF No. 41 at 30–31). Because Plaintiffs have not successfully plead another substantive claim, nor have Plaintiffs alleged any facts to demonstrate that there was an agreement between the Defendants, the Court dismisses Plaintiffs' civil conspiracy claim without prejudice.

The four elements of civil conspiracy are: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir. 2003) (citation omitted). "Civil conspiracy is a dependent claim which must be alleged along with a substantive claim: the gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action." *Wiatt v. Winston & Strawn LLP*, 838 F. Supp. 2d 296, 317 (D.N.J. 2012) (quoting *Morgan v. Union Cnty. Bd. of Chosen Freeholders*, 633 A.2d 985, 998 (N.J. Super. App. Div. 1993)) (quotations omitted). Because the Court finds

that Plaintiffs failed to state any other claim for which relief may be granted, Plaintiffs cannot prevail on their civil conspiracy claim, and dismissal is appropriate. *Am. Corp. Soc. v. Valley Forge Ins. Co.*, 424 F. App'x 86, 90 (3d Cir. 2011).

Additionally, a claim for civil conspiracy requires a "meeting of the minds." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Daruwala v. Merch.*, No. 1310-13T3, 2015 WL 6829646, at *12 (N.J. App. Div. Nov. 9, 2015). "In stating a conspiracy claim, a plaintiff must allege facts regarding defendants' joint action rather than making conclusory allegations of concerted action." *Wiatt*, 838 F. Supp. 2d at 317 (citing *Abbott v. Latshaw*, 164 F.3d 141, 147 (3d Cir. 1998)). *See also Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("[T]he bare allegation of an agreement is insufficient to sustain a conspiracy claim."). Here, Plaintiffs' only factual assertion of the existence of an agreement between the two Defendants is National Union's issuance of the 2020 Policy to USIG at a lower premium. This allegation is insufficient and does not demonstrate that Defendant National Union was aware of, agreed with, or intended to further the alleged conspiracy. *See W.H. v. R.C.*, No. 19-13538, 2020 WL 1041390, at *10 (D.N.J. Mar. 4, 2020) (dismissing civil conspiracy claim where the complaint was "completely absent" of any facts to support that the defendants and their associates entered into an agreement); *A.C. v. Dwight-Englewood Sch.*, No. 21-6376, 2022 WL 1184799, at *6 (D.N.J. Apr. 21, 2022) (dismissing civil conspiracy claim where plaintiff's allegations of an agreement among the defendants were "conclusory"). Therefore, the Court will dismiss Count IV of Plaintiffs' Amended Complaint without prejudice.

### D. Count V (Successor Liability)

Defendant USIG argues, and Plaintiffs do not dispute, that a claim for successor liability must be predicated on some underlying damage or liability. (ECF No. 38 at 14–15). *See also In re*

*Emoral, Inc.*, 740 F.3d 875, 882 (3d Cir. 2014) ("[A]ny cause of action asserting successor liability necessarily contemplates some underlying damage or liability for which the claimant is seeking recourse from a third party."). Because the Court finds that Plaintiffs' Counts I-IV must be dismissed, Count V is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. (ECF No. 32; ECF No. 40). Counts I (Declaratory Judgment) and II (Direct Action Pursuant to N.J. Stat. Ann. 17:28-2) are **DISMISSED WITH PREJUDICE**, and Counts III (Common Law Fraud), IV (Civil Conspiracy), and V (Successor Liability) are **DISMISSED WITHOUT PREJUDICE**. An appropriate Order accompanies this Opinion.

**CHRISTINE P. O'HEARN**
**United States District Judge**